Case 2:99-cv-03807-LMA-KWR Document 1 Filed 12/20/99 Page 1 of 8



**SEALED**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
1999 DEC 20 P 3 51
LORETTA G. WHYTE
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL., WILLIAM ST. JOHN LACORTE, M.D. <br> **PLAINTIFF** | CIVIL ACTION <br> NO. **99-3807** <br> SECTION: SECT J MAG 4 |
| VERSUS | MAGISTRATE: |
| MERCK & CO., INC. <br> **DEFENDANT** | FILED IN CAMERA AND UNDER SEAL |

### COMPLAINT FOR MONEY DAMAGES AND CIVIL PENALTIES
### UNDER THE FALSE CLAIMS ACT, 31 U.S.C. § § 3729-33

William St. John LaCorte, M.D. relator, by and through undersigned counsel, comes before this Honorable Court on behalf of himself and the United States of America, its departments and agencies, including the Department of Health & Human Services ("DHHS"), bringing this action against Merck & Co., Inc., (hereinafter "Merck") a foreign corporation authorized to do business in the State of Louisiana, for money damages and civil penalties arising out of defendant's violations of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, which violations are described hereinafter with particularity.

### THE PARTIES

1. Plaintiff, the United States of America, by and through its department, DHHS, particularly the Health Care Financing Administration ("HCFA") within DHHS, has the responsibility, among others, to administer the Medicare, Medicaid Program (Champus), Indian Health Services, GHEA, as well as other federal health programs. The Medicare Program is a health insurance program funded by taxpayers which provides certain health care benefits to particular

individuals including those persons over age 65, disabled individuals or those suffering from end stage renal disease. The Medicaid Program is a health insurance program funded by taxpayers which provides certain health care benefits who are indigent and unable to afford health care benefits.

2. Relator, William St. John LaCorte, M.D., is a citizen of the United States and a resident of the State of Louisiana. Dr. LaCorte admits and treats patients in many hospitals and nursing homes throughout the New Orleans metropolitan area. In his capacity, relator has ordered pharmaceuticals to be administered in connection with the treatment of his patients. In particular, relator has ordered the administration of H2 blockers, which prevent the formation of stomach acid. Relator is the original source of relevant information upon which this action is based within the meaning of 31 U.S.C. § 3730(e)(4)(B). Relevant information has been supplied by the relator to the federal government contemporaneous with the filing of this action.

3. Defendant, Merck Corporation, is a foreign corporation that conducts business within the State of Louisiana. Defendant, Merck, contracts with local hospitals and other related health care institutions to sell its version of an H2 blocker, namely Pepcid.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred by the False Claims Act, 31 U.S.C. §§ 3729-33, and 28 U.S.C. §§ 1331, 1345.

5. Venue in the Eastern District of Louisiana is appropriate under 31 U.S.C. § 3732(a) in that defendant, Merck Corporation, conducts business and sells its pharmaceuticals within this district.

## GENERAL ALLEGATIONS

6. Medicaid is a jointly funded, federal-state health insurance program for certain low income and needy people. It covers approximately 36 million individuals, including children, the

aged, blind, and/or disabled, and people who eligible to receive federally assisted income maintenance payments.

7. In order to participate in the Medicaid Program, pharmaceutical companies must only charge the lowest price that other prudent and cost conscious buyers would incur for a given drug. Defendant Merck has instituted a policy and practice of distributing a drug known as Famotidine, marketed under the brand name Pepcid, to hospitals and other related health care institutions for approximately $.010 per tablet through a competitive pricing system.

8. Defendant Merck Corporation does not offer this pricing system to the Medicaid Program or other federal programs, charging as much as $1.65 per tablet, and higher amounts for 20 mg. vials of IV Pepcid.

9. Currently, Famotidine (Pepcid) is not available in a generic form, and must be purchased through Merck under its brand name.

10. Relator has personal knowledge that he has ordered other H2 blockers, for example, Zantac, only to have these prescriptions converted often without his knowledge or permission to Pepcid as a direct result of this pricing scheme instituted by defendant Merck. Relator has personal knowledge and information that Pepcid has negative side effects which he has experienced with his patients who have had their H2 blockers converted to Pepcid without his knowledge or consent.

11. Relator contends that this pricing scheme is being used to induce hospitals to switch patients to Pepcid, so that they may be discharged on this drug, thereby requiring these patients to seek outpatient acquisition of the drug at higher than market prices for generic Zantac. This policy results in unnecessarily high costs to the patients and to Medicaid and other federal programs.

12. Upon information and belief, this practice is nationwide and occurs at numerous facilities throughout the country.

13. The practice of converting physicians' orders to alternative classes of a particular drug which were never ordered by physicians and not disclosing to physicians and hospitals the effects and true cost to the Medicaid Program of the pharmaceuticals has resulted in an expenditure of federal funds above and beyond that which would otherwise have been required.

14. Merck has developed through this pricing scheme a system to defraud Medicaid by herding large numbers of patients discharged from hospitals and other health care facilities onto Pepcid prescriptions, with the knowledge and intent that these patients would continue to need H2 blockers after discharge from these facilities.

15. As a direct consequence of Merck's wrongful conduct, the government of the United States of America has been required to expend federal funds to pay substantial and excessive amounts for pharmaceuticals over and above the cost at which other facilities can acquire this drug.

## VIOLATIONS OF THE FALSE CLAIMS ACT

16. Continuing through the date of filing of this Complaint, Merck and its agents and employees unlawfully and knowingly devised and carried out a scheme to defraud the federal government in general, and the Medicaid Program and other federal health programs in particular, and to impair, impede, obstruct, and defeat the lawful governmental functions of these programs and did unlawfully and knowingly:

   a. Charge and continue to charge fraudulently inflated prices of its H2 blocker, namely Pepcid, to Medicaid for payment and approval;

   b. Make, use, and cause to be made and used, false statements in order to have these false and fraudulent claims paid by the Medicaid Program;

   c. Conspire to defraud the United States by causing false and fraudulent

claims to be allowed and to be paid.

17.    In furtherance of this scheme to defraud and submit false and fraudulent claims to the United States, Merck through its employees, agents, and subsidiaries committed the followings acts, among others:

   a.   Merck charged inflated prices to Medicaid and other federal health programs when other institutions not capable of purchasing at volumes equal or in excess of Medicaid and other federal health programs were able to receive the same drug at vastly reduced prices.

   b.   Merck knowingly created this pricing scheme in order to garner large numbers of patients with the specific knowledge that upon discharge these patients would require outpatient H2 blockers at vastly inflated prices.

   c.   Merck, through the use of this pricing scheme, wrongfully induced hospitals and other related health care institutions to convert physician orders for other H2 blockers to Pepcid without seeking permission or consent from the prescribing or treating physician.

   d.   Merck created and deployed this scheme without adequate testing in sick, elderly, hospitalized patients knowing this substitute (Pepcid) change would be given to frail, elderly patients who were acutely ill knowing they were likely to have significant diseases, including renal disease, which commonly goes unnoticed by doctors.

   e.   Merck knew or should have known that Pepcid, which is only eliminated by the kidneys, would be substituted for Zantac, which is

          eliminated by both the kidneys and liver, and Merck failed to adequately warn doctors to use a lower dosage even after published data indicated a serious toxic effect of mental function.

18.    By such acts, Merck has caused a monetary loss to the United States of America, through the Medicaid Program, Medicare, Indian Health Service, Champus, GHEA, and direct payment systems, the amount of which loss is the aggregate of the amounts expended on the following, among others:

    a.    The cost differential between the prices charged to Medicaid for Pepcid, and the prices charged to hospitals and other related health care institutions through this pricing scheme;

all which are in violation of 31 U.S.C. § 3729 *et seq.*

## PRAYER FOR RELIEF

19.    WHEREFORE, Relator, on his own behalf and on behalf of the United States, requests and prays for the following relief:

    a.    That defendant Merck make full restitution to the United States of all monies wrongfully expended by the federal government in general and the Medicaid Program in particular, in connection with the defendant's wrongful and unlawful conduct;

    b.    That defendant Merck be assessed all fines, penalties, attorneys' fees and costs, pursuant to 31 U.S.C. §§ 3729 and 3730;

    c.    That judgment be entered in Relator's favor against defendant in accordance herewith and that Relator, Dr. William St. John LaCorte, be awarded the maximum percentage of proceeds allowed by law in

connection herewith, plus reasonable attorney's fees, interest, and costs; and

d.  For all such other general, legal, and equitable relief as this Court may deem appropriate.

### DEMAND FOR JURY TRIAL

A jury trial is requested in this case.

>Respectfully submitted,
>
>VEZINA AND GATTUSO, L.L.C.
>401 Weyer Street, P.O. Box 461
>Gretna, Louisiana 70054
>(504) 368-5223
>
>_____
>J. MARC VEZINA, TA, LSBA NO. 24683   *T. A.*
>
>**SAKLA AND SLACK, L.L.C.**
>635 St. Charles Avenue
>New Orleans, Louisiana 70130
>
>_____
>Sherif K. Sakla, LSBA NO. 24871
>
>Attorneys for Relator, Dr. William St. John LaCorte

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL.,<br>WILLIAM ST. JOHN LACORTE, M.D.<br>    PLAINTIFF | CIVIL ACTION<br><br>NO. |
| | SECTION: |
| VERSUS | MAGISTRATE: |
| MERCK CORPORATION<br>    DEFENDANT | FILED IN CAMERA<br>AND UNDER SEAL |

## VERIFICATION

**BEFORE ME**, Notary Public, personally came and appeared:

**William St. John LaCorte, M.D.**

relator in the foregoing Complaint, who, after being duly sworn, did depose and state that all of the allegations contained in the foregoing Complaint are true and correct to the best of his knowledge, information, and belief.

_____
WILLIAM ST. JOHN LACORTE, M.D.

Sworn to and subscribed

before me, this ____ day

of December, 1999.

_____
NOTARY PUBLIC