UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL., WILLIAM ST. JOHN LACORTE, M.D. | * * | CIVIL ACTION NO. 99-3807 |
| Plaintiff | * | |
| v. | * | SECTION: "I" |
| MERCK & CO., INC., | * | MAGISTRATE: 4 |
| Defendant | * | |
| BOONE & STONE, and VEZINA & GATTUSO, LLC. | * * | |
| Intervenors. | * | |
| v. | * | |
| WILLIAM St. JOHN LaCORTE, M.D., THE SAKLA LAW FIRM, APLC, SHERIF K. SAKLA, and TODD SLACK, | * * | |
| Defendants in Intervention | * | |

## COMPLAINT-IN-INTERVENTION

With leave of Court, BOONE & STONE and VEZINA & GATTUSO, LLC (Intervenors), through their undersigned counsel, file this Complaint-in-Intervention, showing the Court as follows:

1. The Relator, Dr. William St. John LaCorte, brought this action pursuant to the Federal False Claims Act (FCA), 31 U.S.C. § 3729 *et seq.*, seeking recovery from the Defendant Merck & Co., Inc., on behalf of the United States of America, for alleged false claims made pursuant to a Medicaid pricing fraud scheme (the main action). The Court's original jurisdiction

over the main action was founded on 28 U.S.C. §§ 1331 and 1345, and on 31 U.S.C. §§ 3732. Venue is proper in this district pursuant to 31 U.S.C. § 3372.

2. On September 28, 2007, the Defendant Merck agreed to settle the claims in this matter and pay (1) to the United States the sum of $137,500,000.00 and (2) to the several States who participate in the Medicaid Program the sum of $112,500,000.00. On December 17, 2007, the United States, on behalf of itself and the several States which have *qui tam* statutes that allow payment of a relator's share,[1] offered to pay a Relator's Share totaling $35,012,095.[2] The Relator readily agreed to accept that amount as his Relator's Share of the recovery without any controversy or negotiation. In addition, the Defendant Merck agreed to pay the Relator $2,900,000.00 as statutory attorney's fees and litigation expenses pursuant to the FCA. 31 U.S.C. § 3730(d)(1). In total, the Relator's recovery which is subject to the Applicants' claim of attorney's lien is $ 37,912,095.00.

3. The main action has been settled, and the Court entered a provisional dismissal on February 7, 2008, conditioned upon Defendant Merck's performance of its payment obligations under the Settlement Agreements with the United States and the several states which participate in the Medicaid Program. The Court has ordered the total amount of the Relator's recovery to be paid into its registry, and that, upon making such deposit, the United States, the States, and Defendant Merck shall be released and discharged from any further payment obligations.

4. This is an intervention proceeding *in rem* brought by Intervenors to assert their claim of attorneys lien against the Relator's recovery which the Court has ordered deposited in

---

[1] Those states are California, Delaware, Florida, Hawaii, Illinois, Louisiana, Nevada, New Mexico, Tennessee, Texas, Massachusetts, Virginia, and the District of Columbia.

[2] The Relator's Share is equal to 17.5% of the settlement amounts recovered by the United States and these qui tam states.

2

its registry, to foreclose that lien, and to obtain an order directing the Clerk to pay to Intervenors from the fund on deposit in the Court's registry such amounts as attorney's fees as the Court determines the Intervenors are justly entitled to receive.

5. The Court has supplemental jurisdiction over this intervention proceeding pursuant to 28 U.S.C. § 1367. The Relator's recovery deposited, or to be deposited, in the Court's registry is under the exclusive jurisdiction of this Court, as being a deposit *custodia legis,* and constitutes the *res* upon which Applicants ask this Court to act according to the rights of interested parties.

6. Intervenor BOONE & STONE is a Georgia law firm. It is a partnership of Georgia professional corporations, David Wm. Boone, P.C. and William S. Stone, P.C. The BOONE & STONE attorneys who represented the Relator are David Wm. Boone and William S. Stone. They are duly licensed attorneys who have been admitted to practice in this Court in this matter *pro hac vice* as visiting attorneys.

7. Intervenor VEZINA & GATTUSO, LLC is a Louisiana law firm. The VEZINA & GATTUSO attorney who represented the Relator is J. Marc. Vezina. He is a duly licensed attorney who is admitted to practice in this Court.

8. Defendant in intervention, Relator Dr. William St. John LaCorte is a person of full age of majority. He is subject to the jurisdiction of this court because he is already a party to this action.

9. Defendant in intervention, THE SAKLA LAW FIRM, APLC is a Louisiana law firm. The SAKLA LAW FIRM is subject to the jurisdiction of this court.

10. Defendant in intervention, Sherif K. Sakla, is the SAKLA LAW FIRM attorney who represented the Relator. He is a duly licensed attorney who is admitted to practice in this Court.

He is also a physician. He is a person of full age of majority, domiciled in the state of Louisiana. He is subject to the jurisdiction of this court.

11. Defendant in intervention, Todd Slack, is Dr. Sakla's former law partner. He and Dr. Sakla practiced law together through the firm of SAKLA & SLACK, LLC, a Louisiana law firm, until sometime around March, 2000. He is a duly licensed attorney who is admitted to practice in this Court. He is a person of full age of majority, domiciled in the state of Louisiana. He is subject to the jurisdiction of this court. Mr. Slack has filed a motion for leave to file a Complaint-in-Intervention, claiming an interest in the funds on deposit, or to be deposited, in the Court's registry as attorney's fees.

12. SAKLA & SLACK was counsel of record for the Relator when this case was originally filed. The Relator employed SAKLA & SLACK pursuant to a written representation agreement providing for a contingent fee.

13. Mr. Slack claims that all legal fees earned by SAKLA & SLACK were divided equally between him and Dr. Sakla, regardless of which attorney originated a particular case or did the work on the case. Mr. Slack claims that SAKLA & SLACK had a property interest in the contingent Fee Contract with the Relator at the time of dissolution.

14. In or around March 2000, Dr. Sakla and Mr. Slack ceased practicing law together and dissolved SAKLA & SLACK  After the dissolution of SAKLA & SLACK, Mr. Slack withdrew from representing the Relator. Dr. Sakla retained the file on the main case and continued as the Relator's counsel of record. .

15. Dr. Sakla associated Intervenors as co-counsel for the Relator, and the Relator executed a new Fee Contract with the Applicants and THE SAKLA LAW FIRM.

16. The Relator executed the written representation contract (the Fee Contract) which is attached hereto as Exhibit 1 and incorporated by reference. The Fee Contract grants the Intervenors and THE SAKLA LAW FIRM a lien upon and security interest in the Relator's claims and any recovery that he may obtain on those claims, regardless of how such recovery comes about, to secure the Relator's payment of attorney's fees, all costs and expenses incurred or advanced by his attorneys on his behalf, and all accrued interest, if applicable. The Applicants also have a statutory lien against the Relator's recovery for their attorney's fees and expenses pursuant to Louisiana law, LSA R.S. 37:218 and Georgia law, O.C.G.A. § 15-19-14. The Applicants' lien is a first priority or privilege over any and all other liens and security interests in the Relator's claims and recovery.

17. In the Fee Contract, the Relator agreed to pay Intervenors and THE SAKLA LAW FIRM a contingent fee of 40% of all money and things of any value recovered by the Relator on his claims by compromise, settlement, suit, arbitration, mediation or otherwise if the United States did not intervene as plaintiff, and 33-1/3% of such recovery if the United States did intervene as plaintiff. The Relator also agreed to reimburse all litigation expenses incurred by his counsel, in their discretion, contingent upon recovering on his claims.

18. In a separate agreement among the firms, BOONE & STONE, VEZINA & GATTUSO, and THE SAKLA LAW FIRM (the Fee Sharing Agreement) agreed to share attorney's fees and litigation expenses equally between the three law firms, i.e. each firm would receive 1/3 of the attorney's fees and each firm would be responsible for 1/3 of the litigation expenses, as well as the cost of obtaining litigation funding. The Fee Sharing Agreement among these co-counsel is governed by Georgia law because THE SAKLA LAW FIRM sought out BOONE & STONE in Georgia to associate as co-counsel in the main action. BOONE & STONE was able to provide, and did

provide, litigation funding on a non-recourse basis through its funding agreement with Augusta Capital, LLC., which did provided litigation funding to Georgia law firms, but did not provide such funding to Louisiana law firms. This substantially minimized the litigation risk to both THE SAKLA LAW FIRM and the Intervenors.

19. Under the Fee Sharing Agreement, BOONE & STONE, VEZINA & GATTUSO, and THE SAKLA LAW FIRM are joint ventures and special partners. As such, each occupies a fiduciary relationship with the others, and each owes the others the fiduciary duties of utmost good faith and honesty, and full disclosure of all material facts.

20. A controversy has arisen between the Relator and his attorneys as to whether the Relator owes attorney's fees equal to 40% of his recovery or equal to 33-1/3% of his recovery.

21. Beginning in the fall of 2006, the Relator began claiming, without any factual or legal basis, that the United States had intervened as plaintiff because, after declining to intervene and closing its investigation of his claims in 2003, the Relator amended his complaint in August 2004, and United States re-opened its investigation of some of the Relator's claims. The Relator incorrectly claimed that by reopening its investigation into some of his claims, the United States intervened as a plaintiff, which reduced the contingent fee from 40% of his recovery on the claims (which became irrevocable when the United States elected not intervene in 2003) to 33-1/3% of his recovery. Intervenors and THE SAKLA LAW FIRM disagreed.

22. Now that the case has been settled, the Relator again asserts, without any factual or legal basis, that attorney's fees due under the Fee Contract are 33-1/3% of his recovery, not 40%, because the United States formally intervened as a plaintiff in this action.

23. The United States never formally intervened as a plaintiff in this action by filing a complaint-in-intervention setting forth its claims against Merck as required by the FCA,

Fed.R.Civ.Pr. 24(c), and the Court's orders in this case directing the United States to file its complaint by October 1, 2007 and continuing to keep the action under seal. The case was settled before the date on which the United States was required to file its complaint-in-intervention, and therefore formal intervention as a plaintiff was unnecessary.

24. Attorney's fees due under the Fee Contract to Interenors and THE SAKLA LAW FIRM are 40% of the Relator's recovery.

25. Dr. Sakla and THE SAKLA LAW FIRM have breached fiduciary duties they owed to the Intervenors as their co-counsel.

26. All conditions precedent to the bringing of this action and Intervenors' right to the relief sought herein have occurred, have been performed or have been excused.

27. By reason of the foregoing, Intervenors are entitled to an order and judgment foreclosing their lien against the funds on deposit in the Court's registry for 40% of the Relator's total recovery as attorney's fees under the Fee Contract, together with interest at the legal rate from the date the Relator's recovery is deposited in the Court's registry.

28. The Intervenors are entitled to an order:

(1) directing the Clerk to pay the sum of $30,436.95 to BOONE & STONE from the total amount of attorney's fees and interest thereon, which is the amount due to Augusta Capital for providing Relator's non-recourse litigation funding pursuant to the Fee Sharing Agreement;

(2) directing the clerk to pay to BOONE & STONE 1/3 of the remaining balance of attorney's fees and interest thereon;

(3) directing the clerk to pay to VEZINA & GATTUSO 1/3 of the remaining balance of attorney's fees and interest thereon;

  (4)  directing the clerk to pay 1/3 of the remaining balance of attorney's fees and interest thereon be apportioned between Mr. Slack, THE SAKLA LAW FIRM and/or Dr. Sakla, and Intervenors, as their interests may appear.

Intervenors take no position concerning the controversy between Mr. Slack and THE SAKLA LAW FIRM and/or Dr. Sakla except that any amount due to Mr. Slack should be disbursed solely from attorney's fees due to THE SAKLA LAW FIRM under the Fee Contract, and not from attorney's fees due to Intervenors under the Fee Contract.

  29.  The Relator has acted in bad faith, has been stubbornly litigious, and has put the Intervenors to unnecessary trouble and expense. The Relator has multiplied the proceedings in this case unreasonably and vexatiously. The Intervenors are entitled to recover from the remaining balance of the Relator's recovery their reasonable expenses of litigation, including attorney's fees, incurred because of such conduct.

  WHEREFORE, the Intervenors request judgment against the funds on deposit, or to be deposited, in the Court's registry granting such relief as justice may require, including, but not limited to:

  (1)  foreclosing their attorney's lien against the funds for 40% of the Relator's total recovery as attorney's fees under the Fee Contract together with interest at the legal rate from the date the Relator's recovery is deposited in the Court's registry;

  (2)  directing the Clerk to pay to BOONE & STONE from the total amount of attorney's fees and interest thereon the sum of $30,436.95;

  (3)  directing the Clerk to pay to BOONE & STONE 1/3 of the remaining balance of attorney's fees and interest thereon;

(4)  directing the Clerk to pay to VEZINA & GATTUSO 1/3 of the remaining balance of attorney's fees and interest thereon;

(5)  directing the Clerk to pay from the 1/3 of the remaining balance of attorney's fees and interest thereon to Mr. Slack and THE SAKLA LAW FIRM and/or Dr. Sakla, such amounts as they may be due as their interests may appear;

(6)  directing the Clerk to pay to Intervenors from the remaining balance of attorney's fees and interest thereon such amounts as they may be legally entitled to receive;

(7)  directing the Clerk to pay to Intervenors from the remaining balance due to the Relator such reasonable expenses of litigation, including attorney's fees, as the Court finds the Intervenors are justly entitled to recovery under the cirucumstances of this case; and

(8)  directing the Clerk of charge and assess all costs of this intervention proceeding against the remaining balance due to the Relator.

This ___ day of February, 2008.

HERMAN HERMAN KATZ & COTLAR, LLP

By:_____
Russ M. Herman, LSBA No. 6819
James C. Klick, LSBA No. 7451
820 O'Keefe Avenue
New Orleans LA 70113
TEL (504) 581-4892
FAX (504) 561-6024
Email rherman@hhkc.com
Email jklick@hhkc.com

Attorneys for Intervenors BOONE & STONE and VEZINA & GATTUSO, LLC