UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, EX REL., WILLIAM ST. JOHN LACORTE, M.D., ET AL. | CIVIL ACTION |
| VERSUS | NO:      99-03807 |
| MERCK & CO., INC. | SECTION: "I" (4) |

### ORDER

Before the Court is an **Ex Parte Motion to Strike Selected Exhibits**, filed by the Plaintiff and Relator, William St. John LaCorte ("LaCorte"). In the motion, LaCorte requests that the Court strike various pages of exhibits that he filed into the record. LaCorte requests that the information be removed from (1) the record and (2) any and all publicly accessible computer systems, including CM/ECF and PACER. Also before the Court is an **Ex Parte Motion to File Ex Parte Motion to Strike Selected Exhibits Under Seal**, filed by LaCorte, seeking to file the motion to strike under seal.

On March 12, 2008, at an hearing on a motion to intervene before the undersigned magistrate judge, LaCorte's counsel approached the bench to discuss sealed information that had been compromised and revealed in the supporting filings. During the hearing, counsel for LaCorte informed the Court that Russ M. Herman, counsel for the Intervenors, BOONE & STONE and VEZINA & GATTUSO, LLC, broke the seal in a related case. However, in the subject motion, LaCorte only

requests to withdraw pages from exhibits that he himself filed into the record.

At the hearing, the Court informed LaCorte's counsel that the matter had not been formally submitted for the Court's consideration and instructed counsel to file a motion to address the purported breach of the seal and afford opposing counsel the opportunity to respond. At the hearing, the Court also requested clarification on the scope of the seal.

In the subject motion, LaCorte misrepresents the closed discussion that the Court held with the presence of counsel on March 12, 2008. In LaCorte's motion, he asserts that after bringing the broken seal to the Court's attention, the undersigned "instructed counsel to notify the appropriate parties, including DOJ directly." As indicated above, the Court advised LaCorte to bring an appropriate motion for relief. The Court did not request LaCorte to notify the "appropriate parties" or the "DOJ."

Nowhere in the motion does LaCorte indicate what sealed information has been disclosed and as to what case. Nor does LaCorte elaborate upon the scope of the seal, and how his filing with the Court compromises the seal. Without this information, the Court lacks the necessary foundation to rule on the motion and to determine whether LaCorte's request is within the confines of the law.

Accordingly, due to lack of information to rule on the motion,

**IT IS ORDERED** that LaCorte's **Ex Parte Motion to Strike Selected Exhibits** is **DENIED**.

**IT IS FURTHER ORDERED** that LaCorte's **Ex Parte Motion to File Ex Parte Motion to Strike Selected Exhibits Under Seal** is **DENIED**, as LaCorte has failed to provide the requisite

information to warrant the sealing of the motion.

New Orleans, Louisiana, this <u>  24th  </u> day of March 2008

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3