UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM ST. JOHN LACORTE, ET AL.**     **CIVIL ACTION**

**VERSUS**     **No. 99-3807**

**MERCK & COMPANY, INC., ET AL.**     **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] filed by intervenors, Boone & Stone and Vezina & Gattuso, LLC (collectively "intervenors"), "to enforce settlement agreement and judgment, order immediate payment of funds into the Court's registry, and order interpleader of claims to such funds." The motion is opposed[2] by William St. John LaCorte and by Sherif K. Sakla and the Sakla Law Firm, APLC (collectively "LaCorte and Sakla"). For the following reasons, the motion is denied.

### BACKGROUND AND ARGUMENTS

The present dispute arises out of an earlier fee dispute that settled in 2008. The settlement was read into the record on August 11, 2008[3] and this Court issued an order[4] enforcing the settlement on September 18, 2008.[5] The order directed the Clerk of Court to disburse funds on deposit in the registry of the Court to various parties. Despite the order's provision explicitly stating that "[a]ll parties reserve their right to assert a claim for attorney's fees in any other case,"[6] intervenors now argue in their motion that the settlement agreement in this lawsuit also governs

---

[1] R. Doc. No. 380.
[2] R. Doc. Nos. 384, 385.
[3] R. Doc. No. 304.
[4] R. Doc. No. 317.
[5] The Court also dismissed with prejudice the various claims and counterclaims asserted in the fee dispute. *See* R. Doc. Nos. 323, 369.
[6] R. Doc. No. 317, at 2.

the obligations of LaCorte and Sakla to intervenors in another lawsuit that recently settled in the U.S. District Court for the District of Massachusetts, styled *United States of America et al., ex rel. Lauren Kieff v. Wyeth Pharmaceuticals, Inc.*, Civil Action No. 03-12366, consolidated with *United States of America et al., ex rel. William LaCorte v. Wyeth*, Civil Action No. 06-11724 ("the *Wyeth* case").

Accordingly, intervenors argue that "[t]he judgment of this Court regarding the claims and counterclaims of [intervenors] and Dr. LaCorte and Sakla are *res judicata* and preclude re-litigation of all issues that were in issue, or could have been placed in issue, in this case by these parties at the time the judgment was entered."[7] Because intervenors believe that LaCorte and Sakla, by raising the attorneys' fees issue in the *Wyeth* case, are "forum shopping to skirt around *res judicata*, collateral estoppel, and issue preclusion," they argue that this Court should order that the funds obtained by LaCorte and Sakla in the *Wyeth* case be deposited into the registry of this Court until this Court resolves the dispute.[8] They argue that "[a] writ of sequestration of property at issue in this case, and order to interplead claims, and injunction prohibiting any act that may interfere with the district court's jurisdiction over the property at issue are among the writs available to this Court to secure these funds pending adjudication of the parties [sic] claims to them."[9]

LaCorte and Sakla advance several arguments in response.[10] They assert, among other things, that the settlement agreement in this case explicitly excluded from its coverage any dispute arising in the *Wyeth* case.[11] Because this Court only retains jurisdiction to enforce the settlement

---

[7] R. Doc. No. 380-1, at 19 (citing La. Civ. Code art. 3080).
[8] R. Doc. No. 380-1, at 19.
[9] R. Doc. No. 380-1, at 23.
[10] Although LaCorte and Sakla each filed their own opposition to the motion, their arguments are substantively the same. The Court addresses their arguments collectively.
[11] R. Doc. No. 384, at 5.

2

agreement, and because the *Wyeth* case allegedly is not governed by that agreement, LaCorte and Sakla argue that this Court lacks jurisdiction over the current fee dispute. But even if jurisdiction is proper, LaCorte and Sakla argue that any issues involving *res judicata*, collateral estoppel, or issue preclusion should be decided in the Massachusetts district court.[12]

## LAW AND ANALYSIS

A court must raise lack of subject matter jurisdiction *sua sponte* once discovered, and it may do so at any stage of the litigation. *Dixon v. Toyota Motor Credit Corp.*, No. 12-2150, 2013 WL 3776577, at *1 (E.D. La. July 17, 2013) (citing *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999)). "[T]he All Writs Act does not provide federal courts with an independent grant of jurisdiction." *United States v. New York Tel. Co.*, 434 U.S. 159, 189 n.19 (1977); *see also Texas v. Real Parties In Interest*, 259 F.3d 387, 392 (5th Cir. 2001). The parties all assume that the Court retained ancillary jurisdiction to enforce the settlement agreement, but a review of the record renders that assumption questionable at best. Accordingly, the Court addresses subject matter jurisdiction before deciding—if such jurisdiction does exist—whether this Court should exercise it here.

There are two ways in which a court may make a settlement agreement part of its dismissal order so as to retain ancillary jurisdiction to enforce the agreement: either by separate provision, such as a provision "retaining jurisdiction" over the settlement agreement, or by incorporating the terms of the settlement agreement in the order. *Hosp. House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002).

"A settlement agreement is a contract, but, when incorporated into a judgment, becomes a court decree." *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986). "[I]n the context of ancillary jurisdiction to enforce settlement agreements, the principle that federal courts

---

[12] R. Doc. No. 384, at 11.

are courts of limited jurisdiction requires distinguishing a district court's intention to make the terms of a settlement agreement part of its dismissal order from the court's mere recognition or approval of the settlement agreement." *Gilbert*, 298 F.3d at 431. "[T]o make a settlement agreement part of a dismissal order by incorporation, [the U.S. Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co.*, 511 U.S. 375 (1994)] requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms." *Id.* at 430. Physical attachment of a settlement agreement to a dismissal order, for example, is insufficient evidence of a court's intention to incorporate the agreement into the order. *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 462 (5th Cir. 2010). Indeed, even if "[e]ach of the parties and the district court likely intended for the district court to retain ancillary jurisdiction to enforce the terms of the settlement agreement, . . . jurisdiction is a strict master and inexact compliance [with the requirements for incorporation] is no compliance." *Id.* at 464.

Although the settlement agreement in this case was read into the record by counsel, at no point during that hearing did the Court adopt the settlement agreement as a judgment of the Court.[13] Moreover, in the Court's order[14] enforcing the settlement, the Court did not state—as is this Court's customary practice when intending to retain jurisdiction—that the Court retained jurisdiction to enforce the settlement agreement.

Intervenors' reliance on the declaration by counsel for LaCorte at the hearing that, "This Court will retain jurisdiction over this case and the terms of this settlement agreement if it is necessary to enforce any of it,"[15] and the written settlement agreement's provision that "The United States District Court for the Eastern District of Louisiana shall retain jurisdiction to enforce

---

[13] *See* R. Doc. No. 375.
[14] R. Doc. No. 317.
[15] R. Doc. No. 375, at 12.

the provisions of this Agreement and shall further retain jurisdiction over the *Merck* litigation,"[16] is misplaced. Neither of those statements automatically created ancillary enforcement jurisdiction in this Court. *See SmallBizPros, Inc.*, 618 F.3d at 462 n.4 ("Because parties cannot confer jurisdiction by agreement where it otherwise would not lie, under *Kokkonen* and other jurisdictional principles, even if parties expressly provide for ancillary jurisdiction in the district court to enforce a settlement agreement, it is possible that a voluntary stipulation of dismissal signed by the parties but not 'so ordered' by the district court could not alone be the basis for ancillary jurisdiction."); *Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, No. H-09-1574, 2011 WL 3269414, at *3 (S.D. Tex. July 22, 2011) (citations omitted) (observing, in the context of ancillary enforcement jurisdiction, that "[p]arties cannot by agreement confer federal subject matter jurisdiction on a federal district court, which is a court of Congressionally limited jurisdiction").

It follows that ancillary jurisdiction exists only if this Court's order disbursing funds from the Court's registry can be interpreted as incorporating the settlement agreement into the order of the Court. As previously noted, however, this Court always makes its intention to retain jurisdiction to enforce a settlement explicit. The Court therefore concludes that it lacks jurisdiction to enforce the agreement. Furthermore, having considered the arguments and the applicable law, the Court determines that even if jurisdiction is proper, it would be unwise for this Court to resolve the current dispute.

Jurisdiction to enforce settlement agreements is ancillary jurisdiction, *Gilbert*, 298 F.3d at 431, and the exercise of ancillary jurisdiction is discretionary. *IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982) ("[A]lthough power exists to entertain the ancillary claim, exercise of this power is discretionary."). Courts may exercise their

---

[16] R. Doc. No. 316, at 10.

discretion to enforce such agreements where, for example, a party has initially agreed to a settlement but later refused to execute a formal agreement reciting the terms of the settlement. *See, e.g., Daftary v. Metropolitan Life Insurance Company*, 136 F.3d 137, 1998 WL 30059, at *1 (5th Cir. Jan. 12, 1998). Another common situation in which courts exercise their discretion to enforce a settlement occurs when the parties dispute the amount of money a party is owed pursuant to the settlement agreement. *See, e.g., Kelly v. Bayou Fleet, Inc.*, No. 05-6871, 2009 WL 1668490, at *2 (E.D. La. June 12, 2009).

Importantly, the Court's research has revealed that the situations in which a Court exercises ancillary enforcement jurisdiction to enforce a settlement have one characteristic in common: they involve a settlement dispute *arising out of the underlying lawsuit*. In this case, intervenors ask the Court to take drastic measures to enforce their alleged entitlement to attorneys' fees related to a separate lawsuit. The Court declines to do so.

The Court is persuaded that the dispute over fees in the *Wyeth* case is best decided by the U.S. District Court Judge in the District of Massachusetts presiding over that case. Indeed, the Court has been notified that the funds that intervenors request be deposited by this Court into its registry have already been deposited into the registry of that Court.[17] The U.S. District Court in Massachusetts has also indicated that, should this Court decide not to assert jurisdiction over the fee dispute, it "will retain the funds on deposit in its registry, take jurisdiction over the disputes . . ., and conduct such proceedings as are appropriate to hear and determine the disposition of the Remaining Registry Funds."[18] The Court determines that it is best to allow this dispute to proceed before that honorable Court.

---

[17] R. Doc. No. 389-2, at 2 ("The remaining $38,400,000.00 of the amount of the federal funds on deposit in the registry of the Court payable to Dr. LaCorte shall remain in the registry of the Court until further order of the Court.") The order is dated May 20, 2016. R. Doc. No. 389-2, at 4.
[18] R. Doc. No. 389-2, at 2.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that intervenors' motion is **DENIED**.

New Orleans, Louisiana, June 1, 2016.

                                        **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**